IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:05-CR-51-FL
No. 4:07-CV-103-FL

| | |
|---|---|
| CLAUD WEBSTER BURRUS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the motion to dismiss (DE # 47) of respondent the United States of America (hereinafter "respondent") pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised are ripe for adjudication. For the reasons set forth below, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On July 17, 2006, petitioner Claud Webster Burrus, III (hereinafter "petitioner") pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924, pursuant to a plea agreement. This charge was predicated upon petitioner's October 20, 1997 felony conviction in North Carolina state court for possession of marijuana.

Following petitioner's guilty plea, the probation office prepared a presentence investigation report (hereinafter "PSR"), which provided, inter alia, a detailed report of petitioner's criminal history and a calculation of the advisory United States Sentencing Guideline (hereinafter "USSG") range. The PSR calculated petitioner's total offense level as seventeen (17) and his criminal history

category as II. With an offense level of seventeen (17) and a criminal history category II, petitioner's advisory USSG guideline range was calculated as twenty-seven (27) to thirty-three (33) months imprisonment.

On November 20, 2006, the government moved the court pursuant to USSG § 5K1.1 for a downward departure based upon petitioner's substantial assistance. Then, on November 29, 2006, petitioner came before this court for sentencing. At sentencing, the court heard testimony from both the government and petitioner's counsel regarding petitioner's efforts in assisting the government with apprehending a major marijuana supplier. The court also heard testimony from petitioner's counsel in mitigation of petitioner's sentence pursuant to the factors set forth in 18 U.S.C. § 3553(a). The court then granted the government's motion and sentenced petitioner to a twenty (20) month term of imprisonment.

On June 22, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. As grounds for error, petitioner alleges that his counsel was ineffective for (1) failing to discover that his rights to possess a firearm had been restored; (2) allowing four points to be added pursuant to USSG § 2K2.1(b)(6); (3) failing to attain a greater downward departure for substantial assistance; and (4) failing to argue that petitioner should have received a shortened sentence because extended incarceration could detrimentally affect his business.

Respondent filed the instant motion to dismiss on October 2, 2007, arguing that the petition fails to state a claim upon which relief may be granted. The court granted petitioner's motion to extend time to file a response on October 25, 2007, but petitioner failed to respond to respondent's motion, and the time to do so has passed.

2

DISCUSSION

A. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B. Analysis

Petitioner asserts that his counsel rendered ineffective assistance at sentencing. To state a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that petitioner was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). This court must be "highly deferential" of counsel's performance and must make every

3

effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To demonstrate prejudice under the second prong of Strickland the petitioner must show a probability that the alleged errors worked to his "'actual and substantial disadvantage...'" Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). The court should only grant relief where the petitioner can show that the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369-70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). A petitioner who has entered a guilty plea faces a heightened burden of showing ineffective assistance of counsel. See e.g., Hill v. Lockhart, 474 U.S. 52, 53-59 (1985).

In his first ineffective assistance of counsel claim, petitioner alleges that his counsel failed to challenge petitioner's July 17, 2006, conviction on the basis that his right to possess handguns had been restored pursuant to N.C. Gen. Stat. § 14-415.1. Petitioner alleges that under § 14-415.1 his right to possess a handgun was restored five years after he completed service of the probationary term for his 1997 felony conviction. This argument is flawed because petitioner cites to N.C. Gen. Stat. § 14-415.1 as it existed in 1990. The 1990 version of § 14-415.1 provided:

> (a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death destruction as defined in G.S. 14-288.8(c), within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.

4

Because petitioner's felony conviction occurred in 1997, the court must begin by looking to the version of § 14-415.1 effective in 1997. In 1995, the North Carolina General Assembly amended § 14-415.1 to provide:

> (a) It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction as defined in G.S. 14-288.8(c).

1995 N.C. Sess. Laws ch. 487, § 3. Absent from the amended version of the statute is any language providing for the restoration of the right to possess a handgun or other firearm. Section 14-415.1 subsequently was amended again in 2004 and in 2006. Neither the 2004 or 2006 version of § 14-415.1 provide for the restoration of the right to possess a handgun or other firearm. See N.C. Gen. Stat. § 14-415.1(a).

Because petitioner pled guilty to possession of marijuana (a felony) on October 20, 1997, the post 1995 versions of § 14-415.1 are applicable. These versions of § 14-415.1 do not provide for the restoration of the right to possess a handgun or firearm. Therefore, petitioner has not alleged facts to establish that his counsel's performance fell below an objective standard of reasonableness with respect to this claim.

In his second ineffective assistance of counsel claim, petitioner asserts that his counsel failed to object to the PSR's assignation of a four-level enhancement under USSG § 2K2.1(b)(6). USSG § 2K2.1(b)(6) provides for a four level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

5

Petitioner argues that he did not possess a firearm in connection with another felony offense because he was charged with possession of marijuana, which is a misdemeanor under North Carolina law, and a misdemeanor under federal law unless the defendant has two or more prior state or federal drug convictions. In actuality, however, petitioner was arrested for crimes including possession with intent to sell/distribute marijuana, and manufacture marijuana, both of which are felonies under 21 U.S.C. § 841(b)(1)(D). Further, petitioner submitted a written statement to the United States Probation Office on July 19, 2006, wherein he accepted responsibility for these acts. (PSR ¶ 6.) Accordingly, the four-point enhancement for possession of a firearm in connection with another felony offense is appropriate. Therefore, petitioner has not alleged facts to establish that his counsel's performance fell below an objective standard of reasonableness with respect to this claim.

In his third ineffective assistance of counsel claim, petitioner contends that his attorney failed to adequately argue in support of the government's motion pursuant to USSG § 5K1.1 for downward departure based upon substantial assistance. In particular, petitioner asserts that his counsel should have argued for a downward departure greater than the government's recommended twenty-five (25%) because his cooperation with the government exposed both he and his family to danger.

Section 5K1.1(a) permits district courts to go below the minimum required under the sentencing guidelines if the government files a "substantial assistance" motion. Generally, the government has the discretion to determine whether to move for a downward departure. Wade v. United States, 504 U.S. 181, 185 (1992) (holding that the government has the power, not a duty, to file a § 5K1.1 motion when a defendant renders substantial assistance); United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). One factor to be considered by the court in determining the

appropriate reduction in sentence is "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." USSG § 5K1.1(a)(4).

At sentencing, petitioner's counsel argued in support of the government's motion for downward departure pursuant to § 5K1.1. In particular, petitioner's counsel provided details regarding petitioner's efforts to assist in apprehending marijuana dealers. Petitioner's counsel's argument included recitation of an incident where an individual appeared at petitioner's home and demanded money, scaring both petitioner and his family. (Sent. Tr. pp. 7-9). Counsel's arguments in support of the government's § 5K1.1 motion were heard prior to the court's valuation of petitioner's substantial assistance. Additionally, this court in fact considered petitioner's risk of danger when it valued petitioner's substantial assistance. Accordingly, the court finds that petitioner's allegations are nothing more than unsupported conclusory allegations. Unsupported allegations do not warrant relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds by Trest v. Cain, 522 U.S. 87 (1997) ("In order to obtain an evidentiary hearing on an ineffective assistance claim--or for that matter on any claim--a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.") Therefore, petitioner has not alleged facts to establish that his counsel's performance fell below an objective standard of reasonableness with respect to this claim.

In his final ineffective assistance of counsel claim, petitioner claims that his counsel failed to adequately argue in mitigation of his sentence pursuant to 18 U.S.C. § 3553(a). In support of this argument, petitioner cites the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and 18 U.S.C. § 3553(a). The United States Supreme Court's

7

decision in Booker made the sentencing guidelines advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Accordingly, a post-Booker sentencing court must calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors under the advisory sentencing guidelines and § 3553(a), and then determine the appropriate sentence. See United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 546 U.S. 1156 (2006); United States v. Vilaisane, No. 07-4221, 2008 WL 553045, *1 (4th Cir. Feb. 29, 2008) (unpublished).

Petitioner argues that his counsel was ineffective because he failed to argue, pursuant to § 3553(a), that petitioner would lose his business if he received a term of incarceration. However, the evidence in the record shows that petitioner's counsel did in fact argue this issue at sentencing. The sentencing transcript reflects that the court informed petitioner that it was familiar with his employment history, and that his counsel had provided several letters from people in the construction industry who spoke highly of petitioner. (Sent. Tr. p. 4). Additionally, in seeking mitigation of sentence, petitioner's counsel raised the issue anew, reminding the court that petitioner has "run[] Straight Edge, Incorporated, from 1990 to present. There are 50 employees that depend on him. And he's . . . a hard worker." (Id. at 9). Accordingly, based upon the evidence in the record, the court finds that petitioner's allegations are nothing more than unsupported conclusory allegations. Unsupported allegations do not warrant relief. Nickerson, 971 F.2d at 1136. Therefore, petitioner has not alleged facts to establish that his counsel's performance fell below an objective standard of reasonableness with respect to this claim.

Even if petitioner could establish that his counsel's performance fell below an objective standard of reasonableness, he still would not be entitled to relief because he has not alleged facts to show that he was prejudiced by his counsel's performance. Instead, the record reflects that his

Case 4:05-cr-00051-FL   Document 52   Filed 06/18/08   Page 8 of 9

counsel's efforts resulted in a favorable plea agreement, whereby petitioner avoided prosecution for possession with intent to sell/distribute marijuana, manufacture marijuana, and possession of drug paraphernalia, all of which are crimes petitioner was charged with at the time of his arrest. Further, the plea agreement provided petitioner with a three-point deduction for acceptance of responsibility under USSG § 3E1.1(b). Finally, petitioner received a twenty-five percent (25%) reduction of his sentence, which resulted in a sentence below his guideline range. Therefore, because petitioner has failed to allege facts sufficient to satisfy either the first or second prong of the Strickland test, his ineffective assistance of counsel claims are without merit.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 47) is GRANTED. Accordingly, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 40) is DISMISSED with prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 18th day of June, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

9